

# IN THE UNITED STATES DISTRICT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BLUE SEXTON, ET AL

V.                                                    05 C 3283
                                                      Judge Zagel

DOMINICK DORIS

## JURY INSTRUCTIONS GIVEN

# FILED

JAN 1 5 2010
Jan 15 2010
JUDGE JAMES B. ZAGEL
UNITED STATES DISTRICT COURT

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of Defendant Officer Doris and Dr. Kendall Crowns were presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-       the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-       the witness's memory;

-       any interest, bias, or prejudice the witness may have;

-       the witness's intelligence;

-       the manner of the witness while testifying;

-       and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You have heard evidence that Moses Echevarria and Felix Barreria have been convicted of a crime. You may consider this evidence only in deciding whether their testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain demonstrative exhibits such as diagrams, devices, and sketches have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

In this case, Plaintiff Deborah Terlap, as Administrator of the Estate of Blue Sexton, deceased, has asserted claims both under federal law and the statutory law of Illinois against Dominick Doris, through Nicholas Doris, personal representative of the Estate of Dominick Doris, deceased. Each of these claims must be considered by you separately.

First, that Dominick Doris's used unreasonable force against Blue Sexton and therefore deprived him of his constitutional right to be free from unreasonable force.

Second that Dominick Doris's use of force against Blue Sexton constituted a battery for which Blue Sexton is entitled to damages under the Illinois Wrongful Death Act and the Illinois Survival Act.

The defendant denies these claims.

In order to prevail on these claims, plaintiff must prove, by a preponderance of the evidence, both that Dominick Doris, deprived Blue Sexton of a federal or state right, as the case may be, and that the defendant's acts were the proximate cause of injuries and consequent damages sustained by the deceased. I shall now discuss each of these claims in turn.

Plaintiff claims that defendant Doris used excessive force against him. To succeed on this claim, plaintiff must prove each of the following things by a preponderance of the evidence:

1. The defendant used unreasonable force against plaintiff;
2. Because of the defendant's unreasonable force, plaintiff was harmed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to defendant Doris, then you should find for plaintiff and against the defendant, and go on to consider the question of damages.

If, on the other hand, you find that plaintiff did not prove any one of these things by a preponderance of the evidence as to the defendant, then you should find for the defendant, and you will not consider the question of damages.

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Dominick Doris faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances. An officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm. It is not necessary that this danger actually existed. An officer is not required to use all practical alternatives to avoid a situation where deadly force is justified.

Under Illinois law, a peace officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest. However, he is justified in using force likely to cause death or great bodily harm only when he reasonably believes that such force is necessary to prevent death or great bodily harm to himself or such other person, or when he reasonably believes both that:

(1) Such force is necessary to prevent the arrest from being defeated by resistance or escape; and

(2) The person to be arrested has committed or attempted a forcible felony which involves the infliction or threatened infliction or great bodily harm or is attempting to escape by use of a deadly weapon, or otherwise indicates that he will endanger human life or inflict great bodily harm unless arrested without delay.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, in light of the totality of the circumstances known or readily knowable to the officer at the time of his action, rather than all which is known in hindsight. The reasonableness of force may take into account whether the particular situation was tense, uncertain, or rapidly evolving.

As to plaintiff's Illinois Wrongful Death Act claim, if you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate Nalani Sexton, the daughter of the decedent Blue Sexton for the pecuniary loss proved by the evidence to have resulted to her from the death of the decedent. "Pecuniary loss" may include loss of money, goods, services, and society.

Where a decedent leaves a daughter, the law recognizes a presumption that the daughter has sustained some pecuniary loss by reason of the death. The weight to be given this presumption is for you to decide from the evidence in this case. In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. What money, benefits, goods and services the decedent customarily contributed in the past;

2. What money, benefits, goods and services the decedent was likely to have contributed in the future;

3. His age;

4. His habits of industry, sobriety, and thrift;

5. His occupational abilities;

6. The relationship that existed between the Nalani Sexton and the decedent.

In determining "pecuniary loss" you may not consider the following:

1. The pain and suffering of the decedent,

2. The grief or sorrow of Nalani Sexton or her mother.

3. The poverty or wealth of Nalani Sexton or her mother.

If you decide for the plaintiff on the question of liability, under the survival claim brought by Deborah Terlap as Administrator of the Estate of Blue Sexton, you must then fix the amount of money which will reasonably and fairly compensate the estate for the following element of damages proved by the evidence to have resulted from the wrongful conduct of the defendant Dominick Doris by Nicholas Doris, personal representative of the estate of Dominick Doris, deceased, during the period between the time of the decedent's injuries and the time of his death, taking into consideration the nature, extent, and duration of the injury:

The pain and suffering experienced by Blue Sexton as a result his injuries

Whether these elements of damages has been proved by the evidence is for you to determine.

Defendant is being sued as an individual through his personal representative.  The City of Chicago is not a party to this trial.

Attorney's fees are not a factor for your consideration.

With respect to Plaintiff's wrongful death and battery claims, the plaintiff Deborah Terlap brings this action in a representative capacity by reason of his being administrator of the estate of Blue Sexton, deceased. She represents Nalani Sexton, the daughter of Blue Sexton and the next of kin of the deceased Blue Sexton. Nalani Sexton is the real party in interest in this lawsuit, and in that sense is the real plaintiff whose damages you are to determine if you decide for the administrator of the estate of Blue Sexton on plaintiff's excessive force, wrongful death and survival claims.

When I use the term "society" in these instructions, I mean the mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance and protection.

It is not improper for an off duty police officer to make an arrest of an individual.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict have been prepared for you.

[Forms of verdict read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.